IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOAH PARRAZ, personal representative of
the wrongful death estate of Gilbert Parraz,
and SYLVIA PARRAZ, individually,**

    **Plaintiffs,**

v.                                                                                                                  **No. 22-cv-0556 SMV/GBW**

**THE BOARD OF REGENTS OF
THE UNIVERSITY OF NEW MEXICO,
as trustees of the University of New Mexico Hospital,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on its review of the Notice of Removal [Doc. 1], filed by Defendant Board of Regents of the University of New Mexico, as trustees of the University of New Mexico Hospital ("UNM"), on July 26, 2022. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the pleadings filed in state court,[1] the applicable law, and being otherwise fully advised in the premises, concludes that the allegations in the Notice of Removal fail to show either that federal law creates Plaintiffs' causes of action or that Plaintiffs' alleged right to relief depends on resolution of a substantial question of federal law. In other words, the Notice of Removal fails to adequately allege federal question jurisdiction (or any basis for subject-matter jurisdiction). Therefore, Defendant is granted leave to amend its notice of removal

---

[1] The underlying pleadings include the original Complaint [Doc. 1-2] at 1–10, the Amended Complaint [Doc. 1-2] at 14–23, and the Answer [Doc. 1-2] at 33–41.

no later than **September 9, 2022**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1653.

## BACKGROUND

In the original Complaint, filed in New Mexico's Second Judicial District on February 7, 2022, Plaintiffs alleged medical negligence, wrongful death, and loss of consortium against Defendant.  [Doc. 1-2] at 1–10.  Plaintiffs alleged that Defendant was responsible under the doctrine of *respondeat superior* for the omissions of its employees, Dr. Dickman and Dr. Pitt, who treated Mr. Gilbert Parraz, the decedent, at the Raymond G. Murphy Veterans Affairs Hospital ("VA Hospital") in Albuquerque, New Mexico.  *Id.*  Plaintiffs' Amended Complaint, filed on February 10, 2022, in the Second Judicial District, similarly alleged medical negligence, wrongful death, and loss of consortium against Defendant.  [Doc. 1-2] at 14–23.  These state-law claims were litigated between the New Mexican Plaintiffs and Defendant UNM in New Mexico State court for several months.

Then, on July 26, 2022, Defendant removed the case to this Court, invoking federal question jurisdiction based on a second lawsuit filed by Plaintiffs.  [Doc. 1].  About a month prior to removal, on June 27, 2022, Plaintiffs had filed a second lawsuit, in federal court, arising from the same events as this lawsuit.  *Parraz*, No. 22-cv-0472 JFR/JHR.  In the second, federal action, Plaintiffs apparently duplicated their claims against Defendant, [Doc. 1] at 5, and also added a claim under the Federal Tort Claims Act ("FTCA") against the United States.  (Plaintiffs also named Drs. Dickman and Pitt in the second, federal lawsuit.)  Here, Defendant argues that even though the Amended Complaint in this case alleges that Drs. Dickman and Pitt were employees of

Defendant UNM, the complaint in the second, federal lawsuit alleges that the doctors were employees of the United States. As Defendant UNM sees it, the assertions in the second, federal lawsuit confer federal question jurisdiction over this case. [Doc. 1] at 3–7. Defendant UNM argues:

> the United States District Court has federal question jurisdiction pursuant to 28 USC § 1331 because the cause of action involves alleged medical negligence that occurred at the New Mexico Veterans' Administration Health Care System . . . where Plaintiffs' decedent was being treated as a veteran concerning claims asserted under 28 USC §§ 1346(b) and 2671–2680, wherein the physicians associated with the Board of Regents are now claimed by Plaintiffs to be employees of the United States of America.
> . . . .
> . . . . The allegations in the [second,] Federal Complaint clearly disclosed the Plaintiffs' contention as to the physicians' VA employment, which in fact invoked the federal question jurisdiction. Here, the issue of the physicians' employment is intertwined in the two complaints and the complaint in the Federal Lawsuit was unambiguous notice to the Board of Regents as to Plaintiffs' claim that the physicians were employed by the VA when the scan was read.
> 
> The federal question subject matter jurisdiction emerged from the second related matter of the identical cause of action, where Plaintiffs have served both the Board of Regents, physicians Dickman and Pitt, and have expressly alleged that Dickman and Pitt were at the VA hospital at the time the CT scan was read on June 5, 2020, and that both individual physicians were serving under contracts between the VA and the Board of Regents. *Cf*, *Zamora v. Wells Fargo Home Mortgage*, 831 F. Supp. [2d] 1284 (USDC New Mexico 2011).

[Doc. 1] at 1–2.

Defendant string cites a series of cases to support its position, *id.* at 6–7, which the Court has thoroughly reviewed and considered. Defendant's cases are examples of situations in which filings in different lawsuits are considered "other paper[s]" under 28 U.S.C. § 1446. Here, however, even assuming *arguendo* that the complaint in the second, federal lawsuit were considered an "other paper," the Court would still fail to discern federal question jurisdiction over this suit. The FTCA count alleged in the second suit was not alleged against Defendant, nor does

Defendant argue that it could liable under the FTCA. Even in light of Plaintiffs' allegation in the second, federal suit that the doctors were employed by the United States, Plaintiffs' causes of action in this case are still not created by any federal law nor do they depend on resolution of any substantial question of federal law.

## DISCUSSION

A federal district court possesses original subject-matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff creates federal question jurisdiction by means of a "well-pleaded complaint establishing either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 27–28 (1983).

> A claim arises under federal law within Section 1331 if it is apparent from the face of the complaint either that: (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law is a necessary element of the plaintiff's claim. . . . . In addition to showing that a suit "arises under" federal law for purposes of the federal question statute, the person invoking federal question jurisdiction must show that the [federal issue] is "substantial." This means that the claim of federal law must not be so patently without merit that the allegation could be called insubstantial, implausible, or frivolous. In other words, the suit may be dismissed for lack of federal question jurisdiction if the alleged federal claim clearly appears to be immaterial and made solely for purpose of obtaining jurisdiction, or if it is wholly insubstantial and frivolous.

1 Moore's Manual—Federal Practice and Procedure § 5.12(2)(a), (3) (2022). Federal question jurisdiction must appear on the face of the complaint, and "the complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the burden of establishing the requirements for federal jurisdiction." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). And it must "prove jurisdictional facts by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (internal quotation marks omitted).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005). "Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005). The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Further, a suit will be dismissed for lack of federal question jurisdiction when the claim is "too insubstantial for consideration," *Hagans v. Lavine*, 415 U.S. 528, 538–39 (1974), or is "wholly insubstantial and frivolous," *Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir.), *cert. denied*, 419 U.S. 1026 (1974). Otherwise the district court "will assume jurisdiction in order to decide whether the allegation stated a cause of

action on which the court could grant relief as well as to determine the issues of fact arising in the controversy." *Id.* at 885 (affirming the district court because it "correctly entertained the action and then dismissed it because of plaintiff's failure to show a substantial federal question").

The Supreme Court has adhered to this principle even in situations where "considerations of judicial economy" would counsel in favor of exercising subject-matter jurisdiction, as doing so "would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 123 & n.33 (1984) ("That a litigant's choice of forum is reduced 'has long been understood to be a part of the tension inherent in our system of federalism.'"). Similarly, the Tenth Circuit has stated in a case addressing subject-matter jurisdiction in the context of removal: "[S]ubject matter jurisdiction is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial *power* to decide a controversy." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 874 (10th Cir. 1995) (internal quotation marks omitted).

The Court has found two cases on point. First, in *Sac & Fox Nation v. Cuomo*, the plaintiffs were three American Indian Tribes who brought an action against another tribe and the Department of Housing and Urban Development ("HUD"), and certain of its officials, alleging that HUD was funding the defendant tribe's projects in the plaintiffs' areas of operation. 193 F.3d 1162, 1165–66 (10th Cir. 1999). Despite the fact that HUD—indisputably a federal agency—was named as a defendant, the Tenth Circuit was not satisfied with the allegations of federal question jurisdiction.

> [The plaintiffs] supplemented . . . with general statements such as 'allocation of federal funding by the Federal Defendants is certainly a federal question' and 'the proper administration of a federal program is obviously a controversy arising under federal law.' Again, [the] plaintiffs directed the district court to no specific federal law or regulation which they claimed was violated or which conferred federal

> question jurisdiction, nor did they articulate even in general terms how HUD could be liable for the claimed illegal activities of [the State Agency Defendant].

*Id.* at 1166 (internal record citation omitted).  Ultimately, the court affirmed dismissal of the complaint for lack of federal question jurisdiction.  *Id.* at 1168.

Similarly, in *Martinez v. United States Olympic Comm.*, the Tenth Circuit found no federal question jurisdiction.  802 F.2d 1275, 1280 (10th Cir. 1986).  In *Martinez*, the personal representative brought a wrongful death claim on behalf of the decedent's estate arising from his death after an amateur boxing event.  Even though the complaint generally referenced federal laws, including the constitution and the Amateur Sports Act, the court found no cognizable federal cause of action and no federal question jurisdiction.  *Id.*  "[T]he complaint merely state[d] that the decedent's 'rights and guarantees as provided by the constitutions and laws of the State of New Mexico and these United States, were violated under color of law,' and that 'substantial federal questions [were] involved granting jurisdiction under 28 U.S.C. 1331.'"  *Id.* (internal record citations omitted).  Despite these conclusory allegations, the court found "[i]t was apparent from the section of [the] complaint entitled 'Claim for Relief' that this suit [was] based on the defendants' alleged negligence in failing to conduct a safe amateur boxing event.  The complaint itself raise[d] no issue regarding the validity, construction[,] or application of any federal statute."  *Id.* (internal record citations omitted) (citing *Madsen v. Prudential Federal Savings & Loan Assoc.*, 635 F.2d 797, 801 (10th Cir. [1980]), *cert. denied*, 451 U.S. 1018 (1981)).

The Notice of Removal at bar is similar to the pleadings in *Sac & Fox Nation* and *Martinez* in that it fails to show any federal cause of action or that federal law is a necessary element of the state-law causes of action.  Even if Plaintiffs allege in the second, federal lawsuit that the physicians were employed by the United States, there is still no federal cause of action alleged

7

against Defendant UNM—the only Defendant in this case. Nor does Defendant UNM argue that it is subject to the federal claim (FTCA) raised against the United States in the second law suit. Nor does Defendant UNM allege that the right to relief asserted by Plaintiffs *against UNM*, the only Defendant in this suit, depends on resolution of a substantial question of federal law. "Merely alleging that 'federal questions are involved' is insufficient to convert what appears to be a common-law negligence claim into a federal question." *Martinez* v, 802 F.2d at 1280.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant be granted leave to amend the Notice of Removal to adequately allege federal question jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **September 9, 2022**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **September 9, 2022**, this action may be remanded to state court without further warning.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**