# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NOAH PARRAZ, as Personal Representative of the
Wrongful Death Estate of GILBERT PARRAZ, and
SYLVIA PARRAZ, individually,

        Plaintiffs,

v.        No. 1:22-cv-00556 SMV/GBW

THE BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO, as trustees of the University of
New Mexico Hospital,

        Defendant.

## AMENDED NOTICE OF REMOVAL

The Board of Regents of the State of New Mexico (Board of Regents), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Mark J. Riley and Spirit A. Gaines), hereby gives amended notice of removal of this matter to the United States District Court for the District of New Mexico in accordance with the Court's Memorandum Opinion and Order [Doc. 4] at 8, filed herein on August 19, 2022. In support, BOARD OF REGENTS states the following:

    1. Pursuant to 28 USC §§ 1331, 1441 and 1446, Board of Regents hereby gives notice of removal of all counts and claims asserted by Plaintiffs in the civil action filed in the Second Judicial District Court, County of Bernalillo, State of New Mexico, styled *Noah Parraz, as Personal Representative of the Wrongful Death Estate of Gilbert Parraz, and Sylvia Parraz, individually v. The Board of Regents of The University of New Mexico, as trustees of the University of New Mexico Hospital*, Case No. D-202-CV-2022-00640.

2. Pursuant to 28 USC § 1446(a), copies of all process, pleadings and orders served to date are attached hereto as Exhibit A.

3. Plaintiff's alleged claim for damages depends on resolution of a substantial and essential question of federal law, the determination of Dr. Donald J. Dickman's and Dr. Ronald A. Pitt's, employment at the VA Medical Center under the terms of a federal contract, the Graduate Medical Education Affiliation Agreement Between Department of Veterans Affairs (VA) and Institutions Sponsoring Graduate Medical Education ("GME contract"), attached hereto as Exhibit B.

4. This is an action of a civil nature in which the United States District Court has federal question jurisdiction pursuant to 28 USC § 1331 because the cause of action involves alleged medical negligence that occurred at the New Mexico Veterans' Administration Health Care System in Albuquerque, New Mexico where Plaintiffs' decedent was being treated as a veteran concerning claims asserted under 28 USC §§ 1346(b) and 2671-2680, wherein resolution of the federal question of the treating physicians' respective employer(s) at the time of the alleged negligent medical service is determinative of whether the New Mexico Tort Claims Act, NMSA 21978, § 41-4-1 et seq. ("NMTCA") or the Federal Employees Liability Reform and Corporation Act, 28 U.S.C. § 2671 et seq. ("FTCA"), is applicable in the instant case.

5. Mr. Parraz was a veteran and was being treated and diagnosed for a medical condition by Dr. Dickman, a resident, and Dr. Pitt, as an attending physician (collectively referred to as the "physicians") at the VA Medical Center on June 5, 2020. *See* First Amended Complaint for Medical Negligence, Wrongful Death, and Loss of Consortium ("First Amended Complaint"), ¶¶ 11-13.

6. Plaintiff's First Amended Complaint alleges one or more of the physicians failed to properly diagnose a cancer from the CT scan taken from Mr. Parraz on the above date. *See Id.,* ¶¶ 13-18.

7. Plaintiff's First Amended Complaint was filed in the Second Judicial District Court on February 10, 2022, alleging that the medical negligence from the care provided by physicians Dickman and Pitt at the VA Medical Center was the legal responsibility of Board of Regents under the New Mexico Tort Claims Act ("NMTCA") due to their employment with the Board at the time of the medical care in question. *See* First Amended Complaint, ¶ 4-8, 21-27 (hereafter referred to as the "State Lawsuit").

8. Defendant The University of New Mexico is a state education institution established under Article XII, Section 11 of the New Mexico Constitution. The UNM Health Sciences Center, pursuant to Regents Policy 3.4, is established as a component unit of the University of New Mexico. The UNM Health Sciences Center includes, among other things, the UNM School of Medicine and the UNM Hospital, a public hospital serving as a teaching institution.

9. At the time of the reading of the chest CT scan from Plaintiffs' decedent, physicians Dickman and Pitt were working at the VA under separate contracts executed between the Department of Veterans Affairs and the University of New Mexico Health Science Center. *See* Exhibit B; *see also* VA Radiology Contract VA # VA258-17-D-0001, attached hereto as Exhibit C.

10. The Board of Regents provided a GME contract that establishes an affiliation between the VA Medical Center in Albuquerque and the Board of Regents through its Health Science

Center sponsoring graduate medical education programs for residents and fellows in their education. *See* Exhibit B.

    11. A purpose behind the GME contract was to assist the VA Medical Center with its health care workforce needs. "Per US Code 38 Section 7302, **to assist in providing an adequate supply of health personnel to the nation**, VA will develop and carry out a program of education and training of health personnel. By virtue of the close relationships between VA and the nation's academic institutions, **VA plays a leadership role in reshaping the education of future health care professionals to help meet the complex scope of the nation's health care delivery system**. It is the intent of VA to maintain its long-standing practice of effective affiliations with educational institutions for the purposes of contributing to continued excellence in VA patient care and conducting joint academic programs that address health workforce needs throughout VA and the nation." *See* Exhibit B (emphasis added). [1]

    12. The GME contract also contains the following express terms (emphasis added):

    a. This agreement, when duly executed and approved by the Department of Veterans Affairs (VA), establishes an affiliation between the VA medical center and an institution sponsoring graduate medical education programs (Sponsoring Institution), for the academic purposes of resident/fellow education. All parties to the agreement have a shared responsibility for the academic enterprise. The Sponsoring Institution affiliating with VA, **while the local VA medical center retains full responsibility for the care of VA patients** and administration of its health care systems. Additional responsibilities are delineated below.

    b. **Ultimate responsibility for the control and operation of VA facilities and programs rests with VA.** Responsibility for academic education rests with the Institution. Through this affiliation agreement, collaboration is created with VA to enable enhanced education.

    c. **When providing professional services to Veterans covered by this agreement, properly appointed faculty members (except those providing services under a**

---

[1] Exhibit B to Defendant's Notice of Removal [Doc. 1] was an unsigned version of the GME contract. Exhibit B hereto is the executed contract.

4

> **contract with VA) and properly appointed trainees of the Institution are protected from personal liability by the Federal Employees Liability Reform and Tort Compensation Act 28 U.S.C. 2679 (b)-(d). The liability, if any, of the United State for injury or loss of property, or personal injury or death shall be governed exclusively by the provision of the Federal Tort Claims Act.**

13. On June 27, 2022, Plaintiffs filed a second complaint in the United States District Court for the District of New Mexico styled *Noah Parraz, as Personal Representative of the Wrongful Estate of Gilbert Parraz and Sylvia Parraz, Individually vs. The Board of Regents of the University of New Mexico, as trustees of the University of New Mexico Hospital, the United States of America, Donald J. Dickman, MD and Ronald A. Pitt, MD;* Case No. 1:22-cv-00472/JFR-JHR (hereinafter the "Federal Lawsuit"). A copy of the Federal Complaint is attached as Exhibit D.

14. In its Federal Lawsuit, Plaintiffs made clear allegations, alleging the United States government is liable for the improper reading of the CT scan by physicians Dickman and Pitt at its local veterans' hospital at the time of the care in question. *See* Federal Complaint, ¶¶ 23, 24, 25, 27, 28, 29, 30, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51. 53, 54, 55, 56, 57.

15. Plaintiffs' Federal Lawsuit relates to the exact same cause of action, events, and names the same actors as in the first lawsuit but adds the United States as a party. The employment of the two physicians, Dickman and Pitt, has become an intertwined issue in the two lawsuits that clearly involves federal question jurisdiction under the FTCA.

16. In the Federal Lawsuit, Plaintiffs clearly allege that the care in question occurred at the VAMC and not at any UNM heath care facility. See Federal Complaint ¶4.

17. Plaintiffs, in the Federal Lawsuit have alleged negligence by the USA for the care of its employees in the treatment of this decedent, including the failure to appropriately re-read the

CT scan, that such failure constitutes negligence against the individual Defendants Dr. Ronald J. Dickman and Dr. Ronald A. Pitt.  See Federal Complaint ¶¶40-45; 47-51 and 53-56.

18. In the Federal Lawsuit, Plaintiffs alleged that in June 2020, Dr. Pitt served as contract staff providing radiology services at the VAMC under a contract that the Veterans Administration had with UNM.  See Federal Complaint ¶8.  A copy of the VA Radiology Contract, VA #258-17-D-001 VA-15-02 is attached hereto as Exhibit C.

19. Plaintiffs alleged in the Federal Lawsuit that they had received Answers to Interrogatories in their State Court Lawsuit in which the Board of Regents stated that it was not responsible for the care rendered to Gilbert Parraz at the VAMC. See Federal Complaint ¶14. *See also* UNM's Answers to Interrogatories numbers 8, 9 and 12, attached hereto as Exhibit E.

20. Plaintiffs alleged in the Federal Lawsuit that the Defendant the United States of America is liable for all damages that resulted from the negligence of its employees, agents, apparent agents, or contractors under the doctrine of respondeat superior. *See* Federal Complaint ¶18.

21. Plaintiffs further alleged in the Federal Lawsuit that venue was proper in the in the Federal District Court for the District of New Mexico, pursuant to 28 US C §1391, and that the court had subject matter jurisdiction under the Federal Tort Claims Act.  *See* Federal Complaint ¶¶21 and 22.

22.  Plaintiffs, in the Federal Lawsuit, have re-alleged the cause of action of negligence against Defendant the Board of Regents in its entirety as contained in their first lawsuit filed in the State District Court in New Mexico. See Federal Complaint ¶¶33 through 38.

23. Plaintiffs' claim arises out of the services agreed to be provided by the GME contract. Thus, the employment of the two physicians, Dr. Dickman and Dr. Pitt, is an intertwined issue in the two lawsuits that clearly involves federal question jurisdiction under the Federal Employees Torts Claim Act.

24. While the federal question concerning the determination of the employer(s) legally responsible for the physicians' alleged negligent conduct is not clearly articulated in the First Amended Complaint, it is implicated in Paragraphs 7, 9, 11, 12, 13, 15, 17, 18 and 19 of Plaintiff's First Amended Complaint.

25. The parties agree the GME contract, and the interpretations of the above referenced provisions form an essential element of the allegations in Plaintiffs' First Amended Complaint in the above matter regarding the determination of the physicians' employer(s) at the time of the alleged negligent medical service. Resolution of the federal question of the physicians' respective employer(s) is determinative of whether the NMTCA or the FTCA is applicable in the instant case.

26. In considering Plaintiffs' claims, this Court can consider the underlying GME contract that forms the basis of the relationship between Plaintiffs and the Board of Regents to discern federal question jurisdiction.

27. Until the Board of Regents was served with the summons and complaint in the Federal Lawsuit, it lacked certainty as to Plaintiffs' position as to the federal question related to Dickman's and Pitt's VA employment at the time the CT scan was read on June 5, 2020, and that Plaintiffs were proceeding under the FCTA.

28. § 1446 (b) provides, "In a case not originally removable…", this removal period does not begin to run until the defendant is able to intelligently ascertain removability. *DeBry v.*

7

*Transamerica Corp.*, 601 F.3rd 480, 489 (10th Cir. 1979); *Zamora v. Wells Fargo Home Mtg.*, 831 F. Supp 2d 1284 (2011). When an initial pleading is ambiguous and does not provide unequivocal notice of the right to remove, the thirty-day period begins to run when the Defendant receives unequivocal notice of the right to remove. *Akin v. Ashland Chemical Co.*, 156 F. 3d 1031, 1035-1036. (10th Cir. 1990). The filing of the complaint in the Federal Lawsuit was unequivocal notice to the Board of Regents that Plaintiffs were now claiming the physicians Dickman and Pitt were VA employees under the respective contracts when the CT scan was read.

29. In this matter, the Federal complaint filed in USDC New Mexico serves as the "other paper" under §1446 (b). See generally, *MiraCorp Inc. vs. Big Rig Down, LLC* (unreported case) 2009 WL790189. A separate complaint may serve as the "other paper" when the subject matter is related and the removing parties are the same as those involved in the separate pleading. *Green v. R.J. Reynolds Tobacco Co.* 274 F3d 363 (5th Cir. 2001); *Doe v. American Red Cross*, 14 F3d 196, 198 (3d Cir. 1993), *Hamilton v. Hayes Freight Lines*, 102 F. Supp 594, 596 (E.D. Ky. 1952); *Thomas v CVS Health Corp* (unpublished) 2019 WL3526344. The allegations in the Federal Complaint clearly disclosed the Plaintiffs' contention as to the physicians' VA employment, which in fact invoked the federal question jurisdiction. Here, the issue of the physicians' employment is intertwined in the two complaints and the complaint in the Federal Lawsuit was unambiguous notice to the Board of Regents as to Plaintiffs' claim that the physicians were employed by the VA when the scan was read and thus subject to the FTCA.[2]

The federal question subject matter jurisdiction emerged from the second related matter of the identical cause of action, where Plaintiffs have served both the Board of Regents, physicians

---

[2] The removing party acknowledges the Court did not determine whether the complaint in the second, federal lawsuit, is an "other paper[s]" under 28 U.S.C. § 1446. *See* [Doc. 4] at 3.

Dickman and Pitt, and have expressly alleged that Dickman and Pitt were at the VA hospital at the time the CT scan was read on June 5, 2020, and that both individual physicians were serving under contracts between the VA and the Board of Regents. *Cf*, *Zamora v. Wells Fargo Home Mortgage*, 831 F. Supp. pp. 1284 (USDC New Mexico 2011). The Board of Regents hereby waives it right to immunity from suit in federal court under the Eleventh Amendment. See Affidavit from Scot Sauder, attached hereto as Exhibit F.

30. The Board of Regents acknowledges the validity of the case law cited by this Court in its Memorandum Opinion and Order [Doc. 4] at 5-6, namely, *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) ("The removing party bears the burden of establishing the requirements for federal jurisdiction"); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (removing party "must prove jurisdictional facts by a preponderance of the evidence.")(internal quotation marks omitted); *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."); *Okla. Farm Bureau Mut. Ins. v. JSSJ Corp.*, 149 F.App'x 775, 778 (10th Cir. 2005) ("Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record."). "Further, a suit will be dismissed for lack of federal question jurisdiction when the claim is 'too insubstantial for consideration,'" *Hagans v. Lavine*, 415 U.S. 528, 538-39 (1974), or is "wholly insubstantial and frivolous," *Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir.), *cert. denied*, 419 U.S. 1026 (1974). However, in this case, the federal question about whether one or more of the physicians is a federal employee under GME contract is one of

9

the most "substantial" questions to be considered in the entire matter. It is the predicate question that must be determined before it can be determined which tort claims act applies to Plaintiffs' claim for damages.

31. Plaintiffs agree the interpretation of the cited provisions from the GME contract require a Court's determination of its application to the diagnostic medical services of June 5, 2020, and whether the physicians were federal employees at the time. Resolution of whether the physicians were federal employees is determinative of whether the NMTCA or the FCTA apply to Plaintiffs' claim for damages. *See* Stipulation filed concurrently with this Amended Notice of Removal and attached hereto as Exhibit G.

32. The Board of Regents acknowledges that *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) recognizes federal question jurisdiction must appear on the face of the complaint, and "the complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." However, the Court also recognized that defective jurisdictional allegations may be amended informally. *Martinez*, 802 F.2d at 1280. In *Martinez*, the Court found Martinez's complaint insufficient to allege federal question jurisdiction but found that Martinez raised allegations under the Amateur Sports Act of 1978, 36 U.S.C. §§ 371-396 at oral argument and in her appellate briefs. The Court treated Martinez's oral argument and appellate briefs as an amendment to the complaint. The Court then held Martinez's "amended" complaint was not too insubstantial for consideration. "This case appears to present the first instance in which a federal cause of action has been asserted under the Amateaur Sports Act for injury to an amateur athlete in an event allegedly sponsored by the USOC. Suits by individual athletes challenging USOC

control of athletes' participation in Olympic events have required detailed analysis by other courts. We find initially, therefore, that this case is neither wholly frivolous nor too insubstantial for consideration, and hence the district court should have held it had federal question jurisdiction to decide the merits of the claim." *Id.* at 1280-1281 (internal citations omitted). Like *Martinez*, the instant case presents a question that is "neither wholly frivolous nor too insubstantial for consideration." Although Plaintiffs' First Amended Complaint did not clearly articulate the federal question, the federal question is implicated in Paragraphs 7, 9, 11, 12, 13, 15, 17, 18 and 19 of Plaintiff's First Amended Complaint. Moreover, like the "amended" complaint in *Martinez*, Plaintiff's defective jurisdictional allegations have been amended by virtue of Plaintiff's subsequent actions. *See* Exhibit G; *see also generally* Federal Complaint. Assuming *arguendo* that this Court is reluctant to read the allegations of the Federal Complaint into the First Amended Complaint, the Board of Regents requests that this Court grand Plaintiffs' leave to file an amended complaint and identify the federal statute which creates Plaintiffs' cause of action.

Unlike the Notice of Removal in *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165-66 (10th Cir. 1999), the well-pled complaint rule has been satisfied in the instant case. Application of federal contract to either physician is a substantial question and in turn, that decision resolves whether Plaintiffs' claim arises under the NMTCA or the FTCA. While it is true that Plaintiffs' claim is expressly stated in a nearly identical lawsuit, an amendment to the First Amended Complaint adding the FTCA as an alternative relief to the determination of the federal question of the physicians' employer(s) could be achieved to address any jurisdiction defects in Plaintiffs' First Amended Complaint. *See Sac & Fox Nation*, 193 F.3d at 1167.

33. Pursuant to 28 USC § 1446(d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Second Judicial Court, County of Bernalillo, State of New Mexico.

34. Removal of this action from the Second Judicial District Court is unopposed as the parties agree the determination of the physicians' employment at VA under the GME contract is a substantial and essential question of Plaintiff's claim for damages.

Respectfully submitted,

**RILEY | KELLER | ALDERETE | GONZALES**

By */s/ Mark J. Riley*
   **MARK J. RILEY**
   **SPIRIT A. GAINES**
   3880 Osuna Road NE
   Albuquerque, NM 87109
   (505) 883-5030
   mriley@rileynmlaw.com
   sgaines@rileynmlaw.com
   *Attorneys for Defendant Board of Regents of UNM*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2022, the foregoing was electronically filed through the CM/ECF system, which caused all counsel to be served by electronic means:

Maria E. Touchet
Touchet Law Firm, P.C.
111 Tulane Dr. SE
Albuquerque, NM  87106
(505) 200-0590
mia@touchetlaw.com
**and**
Rachel E. Higgins
Rachel E. Higgins, Attorney at Law
111 Tulane Dr. SE
Albuquerque, NM  87106
(505) 247-9339
rachel@rachelhigginslaw.com
*Attorneys for Plaintiffs*

Lorri Krehbiel
Chance A. Barnett
Krehbiel & Barnett, P.C.
Albuquerque, NM  87120
(505) 858-3400
lkrehbiel@lady-justice.us
cbarnett@lady-justice.us
*Co-Counsel for Defendant The Regents of the University of New Mexico*

 */s/ Mark J. Riley*
Mark J. Riley

13