IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOAH PARRAZ, personal representative of
the wrongful death estate of Gilbert Parraz, and
SYLVIA PARRAZ, individually,

       Plaintiffs,

v.                                                    Civ. No. 22-0556 KG/GBW

THE BOARD OF REGENTS OF
THE UNIVERSITY OF NEW MEXICO,
as trustees of the University of New Mexico Hospital,

       Defendant.

ORDER SETTING HEARING

This matter comes before the Court *sua sponte*.  The parties in this case filed an

"Unopposed Motion to Consolidate," seeking to consolidate this case and *Noah Parraz, as*

*Personal Representative of the Wrongful Death Estate of Gilbert Parraz and Sylvia Parraz,*

*Individually v. The Board of Regents of the University of New Mexico, as trustees of the*

*University of New Mexico Hospital, the United States of America, Donald J. Dickman, MD, and*

*Ronald A. Pitt, MD*, Case No. 1:22-cv-0472 JFR/JHR "into the instant case/the lower case."

(Doc. 3) at 6.  The Court finds that a hearing will materially aid the Court's resolution of this

motion and sets this matter for a hearing at **10:00 a.m. on Friday, November 4, 2022**.  A Zoom

ID and Passcode will be provided separately to the participants' email address of record.

Counsel will address the following areas:

1)      Whether the Motion to Consolidate should be filed in both pending federal cases;

2)    Whether the United States, Dr. Dickman, and Dr. Pitt should not be removed by counsel from the docket in the instant case.  Specifically, the docket in the instant case reflects the United States, Dr. Dickman, and Dr. Pitt as parties-defendant, while the Complaint in the instant case does not identify them as such;

3)    Whether this case should not be dismissed for lack of subject matter jurisdiction. Specifically, it appears that the Court lacks jurisdiction to hear this case because there is no federal question and no diversity jurisdiction apparent on the face of the Complaint.  How should the Court construe Stipulation (Doc. 5), if at all, to determine the question of jurisdiction?  Is the federal contract an essential element of Plaintiffs' claims or an element of a defense or a separate claim against the United States?

4)    Whether the instant case should not be dismissed so the other federal case can proceed.  Specifically, it appears Plaintiffs subsequently brought the same claims against the Board of Regents in the other federal case.  Are the claims brought in the cases based on the same series of events?  Are the claims, in fact, the same?  What are the differences between this case and the other case, other than addition of the federal defendants?

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE