IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOAH PARRAZ, personal representative of
the wrongful death estate of Gilbert Parraz, and
SYLVIA PARRAZ, individually,

    Plaintiffs,

v.                                                                                       Civ. No. 22-0556 KG/GBW

THE BOARD OF REGENTS OF
THE UNIVERSITY OF NEW MEXICO,
as trustees of the University of New Mexico Hospital,

    Defendant.

## ORDER OF REMAND

The Court has a duty, at all stages of litigation, to determine whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having considered the Complaint (Doc. 1-2) at 1–10, Amended Complaint, (Doc. 1-2) at 14–23, Answer, (Doc. 1-2) at 33–41, Notice of Removal, (Doc. 1), Stipulation, (Doc. 5), Amended Notice of Removal, (Doc. 6), and the arguments of counsel at the November 4, 2022, hearing, the Court *sua sponte* determines that it lacks subject-matter jurisdiction. For the reasons explained herein, the Court REMANDS this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

I.    *Factual and Procedural Background*

Decedent Gilbert Parraz received medical treatment at the Raymond G. Murphy Veterans Affairs Hospital (VA Hospital) in Albuquerque, New Mexico. Plaintiffs allege that Drs. Dickman and Pitt provided negligent medical care, which resulted in Mr. Parraz's death. Plaintiffs brought medical negligence, wrongful death, and loss of consortium claims against the

Board of Regents of the University of New Mexico, as trustees of the University of New Mexico Hospital (UNM) in New Mexico state court on February 7, 2022. *See Noah Parraz, as Personal Representative of the Wrongful Death Estate of Gilbert Parraz, and Sylvia Parraz, individually v. The Board of Regents of the University of New Mexico, as trustees of the University of New Mexico Hospital*, Case No. D-202-CV-2022-00640 (State Case). Plaintiffs sued UNM on the basis that it is responsible, under the doctrine of *respondeat superior*, for the omissions of its employees. Plaintiffs filed an Amended Complaint in New Mexico's Second Judicial District Court, County of Bernalillo, on February 10, 2022, alleging essentially the same claims. The parties litigated these state-law claims in state court for several months.

While the parties litigated the State Case, the same Plaintiffs, represented by the same attorneys, filed a complaint in federal court against UNM, Dr. Dickman, Dr. Pitt, and the United States. *See Parraz v. Bd. of Regents of the Univ. of NM*, 1:22-cv-0472 JFR/JHR (Federal Case). The parties agree that the State Case and the Federal Case are based on the same nexus of operative facts. Indeed, the parties agree that the facts are entirely the same. The only difference between the cases is that, in the Federal Case, Plaintiffs asserted claims against Drs. Dickman and Pitt and the United States pursuant to the Federal Tort Claims Act.

After Plaintiffs filed the Federal Case, UNM removed the State Case to this Court on July 26, 2022. (Doc. 1). UNM invoked federal question jurisdiction based on the Federal Case and the allegation that Drs. Dickman and Pitt may have worked for the United States, and not for UNM. *Id.* On August 11, 2022, the parties filed an Unopposed Motion to Consolidate Cases, by which they sought to consolidate the State Case with the Federal Case.[1] (Doc. 3).

---

[1] While the Motion to Consolidate was unopposed, the Court lacks jurisdiction over the case and does not consider the Motion to Consolidate. For this reason, the Motion to Consolidate (Doc. 3) is denied as moot.

On August 19, 2022, Magistrate Judge Stephan Vidmar entered a Memorandum Opinion and Order identifying an apparent defect in the Court's subject-matter jurisdiction and allowing UNM to file an amended Notice of Removal to adequately allege federal question jurisdiction. (Doc. 4). In response, the parties filed a Stipulation on September 9, 2022, (Doc. 5), and UNM filed an Amended Notice of Removal, (Doc. 6). The parties agree that UNM entered a Graduate Medical Education Affiliation Agreement Between Department of Veterans Affairs and Institutions Sponsoring Graduate Medical Education, or the "GME Contract," and that Drs. Dickman and Pitt provided services to the Decedent at the VA Hospital pursuant to this agreement. (Doc. 5) at 2. The parties further agree that interpreting the GME Contract, specifically determining whether UNM or the United States, or both, were responsible for the doctors at issue, will be a central issue in the case. *Id.* at 3. According to UNM, the GME Contract and dispute over which entity "employed" the doctors for purposes of this incident creates a federal question sufficient to invoke federal question jurisdiction.

The parties filed a "Motion to Consolidate" in the Federal Case on October 28, 2022. In that case, defense counsel represents that "[t]here is no substantive difference between the two" cases. *See* Federal Case ECF No. 12 at 5 (Motion to Consolidate).

The Court heard the oral arguments of counsel via Zoom on Friday, November 4, 2022. Relevantly, the parties agree the Federal Case should proceed and is the appropriate forum for resolving this case. While Plaintiffs agree to proceed in the Federal Case, they do not want to simply dismiss this case—the State Case—under Rule 41 because they want the option to litigate against UNM "in the case where a federal judge determines it is solely UNM who is responsible

3

for the conduct of these physicians." Nov. 4, 2022, Hrg. Tr. 5:19-22.[2] In lieu of consolidating the two cases, Plaintiffs seek to stay the State Case. Tr. at 6:10-12; 7:5-8. Plaintiffs' counsel stated she has "no intention of litigation this case twice," and would proceed in the State Case only "if there has been a determination that there was no one else responsible except for UNM, so we would not relitigate that." Tr. at 16:24–17:4.

II.     *Analysis*

The sole question at issue in this case is whether this Court possesses federal question subject-matter jurisdiction. As further explained herein, the Court determines it does not.

A federal district court possesses original subject-matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law under two circumstances: 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)); *see also Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936) ("federal-question jurisdiction . . . exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*, 299 U.S. at 112. The district court cannot rely on federal questions related to a defense for the purpose of establishing jurisdiction. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983) (stating, "a

---

[2] The Court's citations to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

federal court does not have original jurisdiction over a case in which the complaint presents a states-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim." (internal citations omitted)). The "well-pleaded complaint rule" makes the plaintiff the master of the claim: he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the case of a state-created cause of action, federal question jurisdiction could arise only if resolution of that claim "must necessarily turn on a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). The "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing*, 545 U.S. 308, 313 (2005). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* Moreover, exercising federal question jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S.C.] § 1331." *Id.* at 313. Put another way, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 813 (1986). Courts evaluating the invocation of federal question jurisdiction must determine whether recognition of jurisdiction will federalize a "garden variety" state law claim that will overwhelm the judiciary with cases that state courts traditionally hear. *Grable & Sons*, 545 U.S. at 318–19.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as

5

limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). All doubts are to be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Plaintiffs bear the burden of establishing, in the State Case, that UNM employed the doctors, while UNM will use the GME Contract merely to challenge employment and defend against liability for the alleged medical malpractice. Employment *by UNM*, therefore, is an affirmative element of Plaintiffs' claims against UNM, but that element does not depend on interpreting the GME Contract. To the contrary, UNM will attempt to use the GME Contract to defend against liability and show that the doctors were employed by the United States. Put another way, the GME Contract will be relevant to UNM's defenses, but is not necessary to prove an element of Plaintiffs' claim.

Even if the Court were persuaded, which it is not, that the GME Contract bears directly on Plaintiffs' claim against UNM, interpretation of the contract is not a "substantial" question of federal law. Contract interpretation and identifying which employer or employers may be responsible for an employee's alleged negligence is a "garden variety" state law claim.

For these reasons, the Court determines it lacks federal question subject-matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), the Court must remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE